KLEINFELD, Circuit Judge,
dissenting.
I respectfully dissent, and would affirm the Bankruptcy Appellate Panel for the reasons it stated.
Ordinarily, equitable estoppel only applies to prevent individuals with actual factual knowledge from changing a previously made representation. However, individuals deemed to have special knowledge may be equitably estopped where they should have known their representations were false.[1] Casper was a real estate agent with experience in the local real estate market in question. To induce Cadd to drop his hen against another property, Casper represented that her residence was valued at $110,000. Casper’s special experience gave Cadd every reason to believe her reasoned valuation, so he dropped his hen. His lawyer, Linkhous, even cited Casper’s special knowledge.
Because of Casper’s experience in real estate and knowledge of the local market, it is entirely appropriate that Casper now be equitably estopped from changing her representation. This is one of those rare instances where the person make a representation had enough knowledge and experience for the special knowledge exception to apply. As the Bankruptcy Appellate Panel noted, remand is unnecessary, under the circumstances, to estabhsh Casper’s knowledge because the evidence showed that Casper knew the material facts were other than as she represented.

. See Gilbert v. City of Martinez, 152 Cal.App.2d 374, 313 P.2d 139, 141 (Cal.App. 1957); see also 28 Am.Jur.2d, Estoppel and Waiver §§ 45, 51.